In the Matter of the Application of HARRY MOTTSMAN & Co., INC., Petitioner, for an Order of Review against the STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK and Others, Respondents.

Supreme Court, Special Term, New York County, April 11, 1940.

*Weisman, Celler, Quinn, Allan & Spett* [*Samuel S. Allan* and *Edmund P. Silver* of counsel], for the petitioner.

*Francis V. McHugh* [*Monroe I. Katcher, II*, of counsel], for the respondents.

MILLER, J.   Section 1286 of the Civil Practice Act requires a proceeding of this character to be brought within four months after the determination to be reviewed becomes final and binding upon the petitioner. (See *Matter of Nachbar* v. *Bruckman*, 249 App. Div. 723; leave to appeal denied, Id. 814.)   On September 21, 1939, the respondents rendered a decision ordering the cancellation of petitioner's license.   That decision has never been withdrawn or modified by the respondents.   The present proceeding was not commenced until March 1, 1940, more than four months after the order canceling the petitioner's license and more than four months after September 22, 1939, the date petitioner received notice of the order of cancellation.

The fact that the respondents permitted the petitioner to offer additional evidence did not have the effect of extending the petitioner's time to review the order of cancellation, particularly in view of the fact that the respondents at the time they authorized petitioner to offer additional evidence, definitely informed petitioner that " After due and full consideration of the memorandum submitted by you * * * the Authority * * * decided that no modification of its determination of September 21, 1939, was warranted thereby and that the hearing and proceedings resulting in said determination would not be reopened." (See respondent's letter of November 3, 1939.) The situation here is similar to that which obtained in *Matter of Nachbar* v. *Bruckman* (*supra*), where it was held that the time to review the order revoking the petitioner's license ran from the date of revocation, despite the fact that a hearing was afforded subsequent to the revocation at which further evidence was taken in connection with an application for reconsideration.

The cross-motion to dismiss the petition is, accordingly, granted and the petitioner's motion denied.