Frank S. Coyne, J.
By order to show cause dated April 14, 1948, returnable April 21,1948, petitioner instituted a proceeding under article 78 of the Civil Practice Act, to review a determination of the State Liquor Authority. By cross motion respondent applied on the return day for an order dismissing the petition upon the ground that the present proceeding had not been instituted within the four-month limitation period prescribed by section 1286 of the Civil Practice Act. The question presented is whether the proceeding should be dismissed because it has not been timely brought. Section 1286 of the Civil Practice Act requires that a proceeding to review a determination of an administrative board must be instituted within four months after the determination to be reviewed becomes final and binding. It is contended by the respondent that the four-month limitation period commenced September 4, 1947, the date on which the respondent disapproved petitioner’s original application. On the other hand, it is urged by petitioner that the limitation period commenced on February 3, 1948, when, it is alleged, the respondent made its final determination of disapproval after a reconsideration and review of the entire proceeding.
It appears that subsequent to the original disapproval of the petition, further applications were made to respondent for a reopening of the proceeding and reconsideration of the petition upon new and additional evidence. Clearly, if the respondent declined to entertain the petitioner’s request for reconsideration, the limitation period ran from September 4, 1947, and the present proceeding is barred. However, if the respondent did in fact entertain the request for reconsideration and did reopen the case to receive the new and additional evidence, the four-month period would commence from the date of respondent’s most recent determination on February 3, 1948. If the latter situation prevails, the present proceeding is, of course, timely brought.
The best evidence of the intention of respondent can be gleaned from the various letters written to petitioner’s attorney during the course of the proceeding before the State Liquor Authority. In a letter to petitioner’s attorney dated November 14,1947, the respondent wrote in part ‘ ‘ After careful considera *557 tion of all of the factors involved the Board denied any change in its prior determination of September 4, 1947 and again disapproved the said application and for the same reasons.” And again, under date of February 3, 1948, respondent wrote to petitioner’s attorney as follows: “ The Board considered your letter of January 30, 1948 requesting a review of its prior action of September 4 and November 13, 1947 disapproving Mr. Francisco’s application above mentioned, and after its further consideration and review of the entire file again denied the application.” (Italics mine.) From the plain tenor and import of the words employed by respondent it is apparent that respondent did entertain petitioner’s request for reconsideration; and did reopen the case, and received and considered the new and additional evidence offered by petitioner. Any construction to the contrary would strain the clear and unambiguous meaning of the language used. If, as now claimed by respondent, the application was not reconsidered, its refusal to reconsider and to reopen the matter could have been expressed in simple language, without equivocation. Respondent could have stated ‘1 that the hearing and proceedings resulting in said determination would not be reopened ”. (See Matter of Mottsman & Co. v. State Liq. Auth., 174 Misc. 41.)
Having been instituted within four months following the most recent action of respondent the proceeding is timely brought. (Matter of Peekskill Packing Co. v. Board of Health of Vil. of Peekskill, 172 Misc. 176, revd. on other grounds 261 App. Div. 915.) Respondent’s motion to dismiss is denied, with leave to serve and file an answer within 10 days after service of a copy of the order entered hereon. Findings of fact should be made by respondent before the matter is presented to the court for determination upon the merits. These findings should be sufficiently specific so that the reviewing court may judge, first, whether the findings themselves are supported by the evidence in the record of the proceedings before the Liquor Authority, and second, whether the facts so found are legally sufficient to support the determination. (Matter of Scudder v. O’Connell, 272 App. Div. 251.)