In the Matter of JOSEPH FELLER, Appellant, against ROBERT F. WAGNER et al., Constituting the Board of Estimate of the City of New York and Trustees of the New York City Employees Retirement System, et al., Respondents.

First Department, December 18, 1958.

*Jeannette H. Harris* of counsel (*Alexander Suess* with her on the brief; *Tolmage & Harris,* attorneys), for appellant.

*Seymour B. Quel* of counsel (*Charles H. Tenney, Corporation Counsel,* attorney), for respondents.

BERGAN, J.   On October 21, 1953 petitioner, who is a surface line dispatcher with the New York City Transit Authority and a member of the City Retirement System, suffered an acute myocardial infarction while working and was disabled for about three months after which he returned to work and was assigned light duty.

Eight months later, in September, 1954, petitioner made application to the Retirement System for accident disability retirement.   Filed with this application was medical proof of petitioner's disability due to accident.   Petitioner was thereafter given a physical examination by a member of the Medical Board of the system, and electrocardiogram examination was performed in a hospital at the direction of the Medical Board.

The Medical Board on November 23, 1954 determined and certified that petitioner was not '' physically incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service '';  advised the petitioner of this determination and that it would be presented to the Board of Estimate on January 13, 1955; and further advised the petitioner that he would be entitled to a hearing before the Board of Estimate.

Thereafter, further proof was submitted by petitioner to the Medical Board, and on May 12, 1955, the Board of Estimate, which is vested by law with the duty of final determination, and acting in consonance with a further adverse report of the Medical Board, denied petitioner's application for accidental retirement benefits.

Almost a year later, in March, 1956, petitioner requested reconsideration of his application and submitted a further affidavit from his physician containing some additional findings and opinions. The Medical Board, in reporting to the Board of Estimate, stated that it had "considered the additional evidence submitted" but "sees no reason to change its previous decisions" and recommended accidental retirement benefits be denied.

The Board of Estimate, acting on this recommendation, again denied the application on June 28, 1956 and petitioner was given notice of this on July 3. This article 78 proceeding to review the determination of the Board of Estimate was commenced October 19, 1956, within four months of the notice of the last action of the board (Civ. Prac. Act, § 1286), but over 17 months after the first determination by the board in May, 1955.

The first question for determination is whether the proceeding has been instituted in time. The court at Special Term has held that the determination actually sought to be reviewed was that in 1955 and that the reapplication in 1956 did not extend the time for commencement of the proceeding. The terms of the statute governing disability retirement applications, and the course of procedings followed by the respondents within that statute lead us to think that the institution of the proceeding was timely.

The statute (Administrative Code of City of New York, § B3–40.0) provides that if an application is denied solely on the ground the member is not physically incapacitated for the performance of city service, the application "may thereafter be renewed". Upon such renewal a mandatory duty rests on the Medical Board requiring that the application "shall be considered" as though it were an original application, i.e., "on the same basis" as the original application.

This means a fresh consideration of the facts presented. Here, as the report of the Medical Board to the Board of Estimate shows explicitly, the Medical Board not only "again thoroughly examined and reviewed" the material in its files, but it "considered the additional evidence submitted". Thus there is in the case before us both a requirement by law for new and fresh evaluation of an application at the time the new application was made, but there was an actual acceptance by the board of new opinion and factual evidence on the medical situation.

In addition, there was a further formal report in writing to the Board of Estimate and formal action and determination by that board on June 28. We think all this amounts to a final determination which may be reviewed by an article 78 proceeding instituted within four months thereafter.

The extent of power and duty to re-examine and the nature of that re-examination or rehearing are often determinative of what is the kind of a final determination which will begin the running of the time to review. On this, for example, see *Matter of Flaherty* v. *Marsh* (268 App. Div. 380, 387).

This is not a question of the beginning of the running of time without application for rehearing, which was the narrow procedural point considered in *Matter of Weinstock* v. *Hammond* (270 N. Y. 64), upon which respondents rely. Here there was a rehearing, reconsideration and new action. That the result was the same does not negative the depth or scope of the re-examination which on the face of the answering papers was fresh and plenary, as the statute requires it to be.

No such duty to reconsider or fact of formal reconsideration was demonstrated in the record of *Matter of Nelson* v. *Kelly* (4 A D 2d 596). There, after denial of an application for an operator's license, the petitioner addressed further letters and requests to the commissioner in an attempt to convince him that the original determination should be changed (p. 598). These informal " requests " (p. 599) which evoked neither a duty to reconsider nor a formal reconsideration of the application, sharply distinguish that case from this one; and the decision of the court in *Matter of Hall* v. *Leonard* (260 App. Div. 591, affd. 285 N. Y. 719) is similarly distinguishable.

When we reach the merits of the proceeding we find that the record sustains the determination of the respondents and that it should be confirmed. There is medical opinion in the record to the effect that the acute myocardial infarction sustained by petitioner while he was at work was accidental and was induced by unusual strain of weight lifting at the time of its occurrence. One physician reporting to the board said " there is a cause and relation in this case " (Dr. Minetto, April 27, 1954); another stated his impression that the infarction with its symptoms began " at his work as described in the history " (Dr. Stein, March 9, 1954). But there is clearly expressed opinion by a heart specialist who examined petitioner in 1954 at Beth-El Hospital that the infarction was " due to arteriosclerotic coronary thrombosis ". Upon this view the board could negative accidental causation.

Besides this, the board on the basis of its own medical opinion concluded there had not been a disability due to accidental causes. There is, moreover, evidence which the board could accept that the petitioner's physical recovery had been such that there was no permanent disability from performing the work to which he has been assigned since returning to his job.

A substantial record of medical opinion as well as an exercise of professional judgment within the board's special competence support the determination. If there are both an adequate record and a rational basis for the determination it should be confirmed. (*Matter of Eichler* v. *McElligott*, 259 App. Div. 151; *Matter of Thomasson* v. *Valentine*, 263 App. Div. 334.) No triable issue within the court's jurisdiction is thus shown. on the pleadings.

The order should be modified on the law by denying the motion to dismiss the petition for failure to institute the proceeding within the time fixed by law; and by granting on the merits a final order confirming the determination reviewed, all without costs.

BOTEIN, P. J., BREITEL, M. M. FRANK and McNALLY, JJ., concur.

Order unanimously modified on the law by denying the motion to dismiss the petition for failure to institute the proceeding within the time fixed by law; and by granting on the merits a final order confirming the determination reviewed, all without costs. Settle order.