In the Matter of Angelo Camperlengo, Appellant, v. State Liquor Authority, Respondent.

First Department, May 10, 1962.

*Monroe I. Katcher, II*, for appellant.

*Lawrence Kunin* of counsel (*Hyman Amsel*, attorney), for respondent.

EAGER, J. Petitioner appeals from an order dismissing this article 78 proceeding which was brought by him to review and annul the refusal of the respondent to approve the application of petitioner to remove his retail liquor store license from 4 St. James Place in Manhattan to premises at 104-14 Flatlands Avenue, Brooklyn, New York. The petitioner had been compelled in October, 1959 to vacate the licensed premises in Manhattan because they had been acquired by the city by condemnation for a public purpose.

We have concluded that this article 78 proceeding was timely brought. The respondent, State Liquor Authority, having at first denied the petitioner's application, thereafter undertook a formal reconsideration on the merits of the application and thereupon proceeded to conduct a new investigation with the receipt and consideration by it of additional testimony and other new data. The reconsideration of the matter by the Authority appears to have been a fresh, complete and unlimited examination into the merits. Its determination upon such a reconsideration, when made, amounted to a final determination which was reviewable by an article 78 proceeding instituted within four months thereafter. (See Civ. Prac. Act, § 1286; *Matter of Feller* v. *Wagner*, 7 A D 2d 126; *Matter of Francisco* v. *O'Connell*, 33 Misc 2d 555.)

The petitioner's right to relief in this article 78 proceeding depends upon whether or not there was a rational basis for the action of the Authority. (*Matter of Wanetick* v. *State Liq. Auth.*, 8 A D 2d 706; *Matter of Austin* v. *Rohan*, 8 A D 2d 647; *Matter of Rockower* v. *State Liq. Auth.*, 4 N Y 2d 128.) The Authority "is vested with a broad discretion in deciding whether to allow the transfer of a license from one premises to another (Alcoholic Beverage Control Law, §§ 2, 111 * * * [citing cases]), but, obviously, that discretion is not unlimited. It must be a discretion truly exercised and 'within the law' (*Matter of Barry* v. *O'Connell*, 303 N. Y. 46, 52), for it is 'the duty of the courts to set at naught arbitrary and unfounded administrative holdings'". (*Matter of Swalbach* v. *State Liq. Auth.*, 7 N Y 2d 518, 522, citing cases.)

In determining whether or not there was a rational basis for the determination of the Authority, we are to look principally to the findings made and reasons given by it as the basis for its determination. "When reasons are enumerated, such reasons, when challenged, will be scrutinized, to ascertain if the conclusion reached is or may be rationally supported." (*Matter of Wanetick* v. *State Liq. Auth.*, *supra*, p. 707.) Here, the grounds referred to by the Authority for its denial of petitioner's

application were the alleged proximity to the proposed location of certain other package stores, the proximity of a low-income housing project, and the proximity of a church and school. It is clear, however, on the undisputed facts, that these grounds were not tenable to support the determination.

The application, which was submitted in the first instance to the New York City Alcoholic Beverage Control Board, was recommended for approval by said board, and the relevant facts concerning the area were reported by the board to be as follows: " Proposed premises are located in a mixed, residential, business, semi-congested area on a predominately business street * * *. It * * * is predominately a secondary shopping area. There is no package store to the east on the same street or avenue and the nearest package store to the west is 3,620′ distant. Nearest package store in any direction is 2,300′ distant to 1428 Rockaway Parkway. Investigator reports that the proposed neighborhood has many new two family houses completed and under construction. The Breuklyn Housing Project is immediately across the street from the proposed premises and there are older homes in the area. The street on which the proposed premises will be located is a well traveled thoroughfare with gasoline stations and local shopping. The population of the area is mainly low and middle income of mixed nationalities and race. * * * The proposed premises have no prior license history."

Under the circumstances here, the existence of the other package stores, located as they were many blocks from the petitioner's proposed location (hereinafter referred to as the " subject premises ") was not a valid ground for denying his application. The determination of the Authority refers to four certain package stores located at distances of 2,300 feet, 3,620 feet, 3,700 feet, 4,350 feet from the subject premises. The nearest package store on the same street is more than a half a mile away, and none of the stores are within a 10-block radius in all directions from the subject premises. This being the case, and bearing in mind that the subject premises are situate " in a mixed, residential, business, semi-congested area on a predominately business street * * * [on] a well traveled thoroughfare with gasoline stations and local shopping ", the existence of these other stores does not support the action of the Authority. Under the circumstances, its determination is at variance with the primary guide laid down for it in passing upon these applications, namely, the public convenience and advantage. (See Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518, supra.) Furthermore, the existing stores are each doing a very

substantial gross annual business, each having more than twice the gross sales heretofore generally determined by the Authority as presumptively indicating public convenience and advantage for such a store (see Authority 1955 Bulletin, No. 279). The locating of petitioner's store in the center of this "mixed, residential, business, semi-congested area" not conveniently served by the other stores should not seriously affect the economic prospects of such other stores, and, undisputedly, will serve the public convenience and advantage of the immediate neighborhood.

Clearly, the proximity of the subject premises to a housing project, rather than a valid ground for denial of petitioner's application, is a factor indicating public convenience and advantage in the location; and, certainly, it is immaterial that the housing project is in the low-income category. There is a statement in the investigating officer's report that the basis for the protest to the location near this project is that it would add to a delinquency problem in the area. The record here, however, lacks substantial evidence to support a finding that this type of store, if lawfully operated, will cause or tend to contribute to juvenile delinquency in the area.

Furthermore, on the record here, the alleged proximity of petitioner's proposed premises to a church and school was not a valid reason for the denial of petitioner's application. The premises are located about four blocks or about 1,100 feet from the school; and particularly significant is the fact that neither the local school board nor the Board of Education have seen fit to protest the proposed location. The subject premises are six and one-half blocks or some 1,950 feet away from Holy Family Parochial School and Church; and significant is the fact that there is at present a liquor store only a block and a half from the church and that there is also a bar and grill which is now located adjacent to the subject premises. The school and church are located many times the distance of 200 feet fixed by law as the minimum distance for location of package liquor stores from schools and churches. Bearing in mind the general nature of the street and neighborhood, and the particular circumstances here, we readily conclude that the existence of the church and school at such remote distances was not a valid basis for the disapproval of petitioner's application. (See *Matter of Steiert* v. *Epstein,* 15 A D 2d 532; *Matter of Winkler* v. *State Liq. Auth.,* 3 A D 2d 1011, affd. 4 N Y 2d 856.)

Finally, a factor to be considered was that the relocation of the petitioner's store was not undertaken voluntarily. The site of his former licensed business was condemned; and he is com-

pelled to relocate or suffer the loss of a valuable asset. The Authority has determined that in all instances, it "will consider any factors compelling the re-location of a licensed premises and the degree of hardship involved" (Authority 1955 Bulletin, No. 279). This is a hardship case, the petitioner having been out of business for more than two years without being able to relocate. The Authority itself has recognized that bona fide removals of this type are to be distinguished from those voluntarily sought for speculative reasons (see 1955 Annual Report of Authority, p. 11). But if this particular determination of the Authority should remain as a precedent, this court may take judicial notice that it would be well-nigh impossible for package store licensees, whose premises in the City of New York are condemned, to relocate therein, except in sparsely populated or undeveloped areas. Such a precedent would not be in keeping with the general policy of the Authority and would be unreasonable and arbitrary. (See, e.g., *Matter of Cooper* v. *State Liq. Auth.,* 12 A D 2d 474.)

We are reluctant, of course, to interfere with the action of the State Liquor Authority except upon a most satisfactory showing by a petitioner that such action was arbitrary and unreasonable. Here, however, the petitioner's showing is sufficiently moving and the reasons assigned by the Authority so unconvincing that we conclude that it was unreasonable for the Authority to have denied the application. The order, entered January 22, 1962, dismissing the petition herein, should be reversed on the law and determination of the respondent denying the petitioner's application for permission to move his licensed premises to 104–14 Flatlands Avenue, Brooklyn, New York, should be annulled and the respondent directed to grant petitioner's said application, with $20 costs and disbursements.

Breitel, J. P., McNally, Stevens and Steuer, JJ., concur.

Order entered on January 22, 1962 unanimously reversed, on the law, with $20 costs and disbursements to the appellant, the determination of the respondent annulled, and respondent is directed to grant petitioner's application.