Abraham N. Geller, J.
This is an article 78 proceeding to annul the determination disapproving petitioner’s application for a restaurant liquor license. The grounds for refusal of the application are not now involved, since respondents constituting the members of the State Liquor Authority have preliminarily moved pursuant to subdivision (f) of section 7804 of the Civil Practice Law and Rules to dismiss the proceeding in point of law as not having been commenced within four months after the determination became final and binding (CPLR 217).
The rule generally applicable where, following a determination by an administrative body under governing law which does not provide for a rehearing or reconsideration, the applicant seeks reconsideration, is that his time to commence a proceeding to review the determination is not extended by his voluntary attempts to secure reconsideration (see, e.g., Matter of Hall v. Leonard, 260 App. Div. 591, affd. 285 N. Y. 719; Matter of Nelson v. Kelly, 4 A D 2d 596; Matter of Mottsman & Co. v. State Liq. Auth., 174 Misc. 41).
However, where the Authority undertook “formal reconsideration on the merits of the application” with a “fresh, complete and unlimited examination into the merits,” it was *715 held that the time for review ran from the date of determination on reconsideration, though not required under the Alcoholic Beverage Control Law, and not from the date of the original determination (Matter of Camperlengo v. State Liq. Auth., 16 A D 2d 342, 344). It is urged by petitioner that on its second request for reconsideration, when decision thereon was withheld for a protracted period, the Authority conducted fresh investigations and hearings and did not pass on it until after the formal board meeting of January 17,1964.
It is unnecessary to decide or refer the issue as to whether the facts and circumstances here constitute such formal reconsideration on the merits as would bring it within the Gamperlengo rule, although on the facts set forth by petitioner it would seem so. This petitioner must in all fairness be accorded a reasonable opportunity for court review. The limitation period of four months is in any event a short one. Under the procedure adopted in this case by respondents that time was drastically curtailed and, indeed, completely cut off.
The determination disapproving the application was made on September 11, 1963. The grounds were unsatisfactory showing of financial resources and restaurant experience (and a third ground as to method of operation which is stated to have been based on a provision in the lease, subsequently corrected). Petitioner applied on September 24, 1963 for reconsideration based on additional evidence. That application was denied on October 1, 1963. A second application for reconsideration with additional evidence was filed on October 29, 1963 after the principals had personally conferred with the chairman and another member of the Authority. As stated, further investigations and hearings were thereafter conducted by Authority officials. Petitioner’s repeated inquiries regarding progress of the matter were met with the response that the application was pending, and it was finally advised that it was being put on the agenda for consideration at the board meeting of January 6, 1964, but not reached until the board meeting of January 17, 1964. Notice of such determination denying reconsideration was given on January 21,1964.
It is obvious that petitioner’s time ran out during the protracted time respondents processed its second request for reconsideration. Under these circumstances petitioner must be excused from the necessity of commencing an article 78 proceeding while respondents are still considering its application for reconsideration. This proceeding was actually commenced within two weeks after notice of the final denial of reconsideration. On these facts respondents must be deemed to have *716 waived their right to assert the time limitation as a bar to this proceeding. It is just and proper that the Authority give serious consideration to meritorious applications for reconsideration, but, when it either reconsiders the merits in the Gamperlengo manner or withholds its decision thereon so as to frustrate or prejudicially shorten as a practical matter petitioner’s time to commence an article 78 proceeding, it should not under such special circumstances press the time bar to court review.
The motion is therefore denied. Respondents shall serve and 'file their answer within two days after service of this order with notice of entry. Petitioner may renotice the matter for hearing upon two days’ notice (see CPLR 7804, subd. [f]).