■ In the Matter of MARJORIE F. TEPERMAN, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the retroactive reissuance of a teaching license, petitioner appeals from a judgment of the Supreme Court, Kings County, entered July 8, 1976, which denied the application and granted respondents' cross motion to dismiss the proceeding. Judgment affirmed, with $50 costs and disbursements. Appellant's attempt to secure judicial review of the termination of her teaching license in 1967 is barred by the Statute of Limitations (see CPLR 217). The hearing held in 1975 by the respondent board of education only considered appellant's claim that her complaint be treated as a grievance under a collective bargaining agreement. Such a limited purpose did not constitute a "formal reconsideration on the merits" so as to revive the Statute of Limitations (see *Matter of Camperlengo v State Liq. Auth.,* 16 AD2d 342, 344). Upon review, we find the board's 1975 decision that appellant's complaint does not constitute a "grievance" to be correct. Latham, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIGGS LEASING CORPORATION, EDWARD ROSENSTOCK and ELEANOR LIPNICK, Appellants.—Three judgments of the County Court, Nassau County (one as to each defendant), each rendered March 4, 1977, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Titone, Shapiro and Hawkins, JJ., concur.