■ In the Matter of PETER DELBELLO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination by the New York City Transit Authority dated July 10, 1986, which, after a hearing, denied the petitioner's motion to vacate its prior determination dated July 10, 1985, which, after a hearing, found the petitioner guilty of misconduct and terminated his employment, the New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Duberstein, J.), dated December 18, 1987, which annulled the determination dated July 10, 1986, vacated the determination dated July 10, 1985, and remitted the matter to the Hearing Referee for a hearing de novo.

Ordered that on the court's own motion the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Sullivan, and

leave to appeal is granted by Justice Sullivan (CPLR 5701 [b]); and it is further,

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contentions, the instant proceeding was timely commenced within four months (CPLR 217) of the determination dated July 10, 1986. The denial of a request to reconsider a determination barred by the four-month Statute of Limitations will not revive the statutory period within which to commence a proceeding to review the original determination (see, Matter of De Milio v Borghard, 55 NY2d 216; Matter of Calvert v Westchester County Personnel Off., 128 AD2d 523). However, where, as here, the governmental agency agrees to hold a new hearing at which new testimony is taken, new evidence is proffered and new matters are considered, a party aggrieved by the new determination may seek review in a proceeding pursuant to CPLR article 78 commenced within four months of the new determination (see, Civil Service Law § 76; Matter of Camperlengo v State Liq. Auth., 16 AD2d 342; Matter of Feller v Wagner, 7 AD2d 126; Matter of Francisco v O'Connell, 33 Misc 2d 555; Matter of Buffalo Audio Center Arrolite Co. v Union Free School Dist. No. 1, 29 Misc 2d 871, affd 15 AD2d 991). Thus, the appellant's Statute of Limitations defense is without merit.

The Supreme Court correctly annulled the determination dated July 10, 1986, and vacated the determination dated July 10, 1985. The determination dated July 10, 1985, terminated the petitioner's employment after a hearing conducted in absentia. All notices of the hearing were sent to an address from which the petitioner had moved. All were unopened and returned by the United States Postal Service to the New York City Transit Authority marked "moved-left no address". It is uncontroverted that the petitioner was never apprised of the hearing. He was aware that the appellant could not notify him at the address it had on record. However, the appellant undertook no other steps to notify the petitioner of the pending charges (Civil Service Law § 75). Clearly, mailing the notice to the petitioner's last known address was not "notice reasonably calculated, under all the circumstances, to apprise [the petitioner] of the pendency of the [disciplinary proceedings] and afford [him] an opportunity to represent [his] objections" (Mullane v Central Hanover Trust Co., 339 US 306, 314). Rather, the appellant regarded the failure of the petitioner to receive notice of the hearing and charges as "his problem". Clearly, it conducted itself in an arbitrary and

capricious manner. Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.