■ In the Matter of WILLIAM LOUGHLIN, Appellant, v BERT Ross et al., Respondents. [618 NYS2d 231] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Correctional Services dated November 8, 1991, affirming a determination made following a Tier III superintendent's hearing, finding that the petitioner violated certain disciplinary rules and imposing a penalty, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Felig, J.), dated March 31, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly found that the petitioner's claim was barred by the four-month Statute of Limitations *(see,* CPLR 217). The Statute of Limitations began to run in this case when the determination sustaining the disciplinary charges against the petitioner was affirmed on administrative appeal on November 8, 1991 *(see, Matter of Wininger v Williamson,* 46 AD2d 689). Accordingly, the instant proceeding, which was commenced in June 1992, is time-barred *(Matter of Ortiz v Scully,* 202 AD2d 511).

The petitioner's correspondence, dated January 2, 1992, although denominated by the petitioner's counsel as a "supplemental appeal", was merely an attempt at securing a reconsideration of the respondent's determination. It is well settled that the making and denial of an application for reconsideration does not serve to toll or extend the Statute of Limitations *(see, Matter of De Milio v Borghard,* 55 NY2d 216; *Matter of West Mtn. Corp. v State of N. Y. Dept. of Taxation & Fin.,* 105 AD2d 989, 990-991, *affd* 64 NY2d 991; *Gertler v Goodgold,* 107 AD2d 481, *affd* 66 NY2d 946; *Matter of Camperlengo v State Liq. Auth.,* 16 AD2d 342). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.