■ In the Matter of RAPHAEL RIVERSO, Petitioner, v TOWN OF CLARKSTOWN et al., Respondents. [664 NYS2d 337] —Proceeding, *inter alia,* pursuant to EDPL 207 to review a determination of the respondents, made after a public hearing, which found, *inter alia,* that a public use would be served by the acquisition of permanent and temporary easements on the petitioner's property.

Adjudged that the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

The respondent Town of Clarkstown (hereinafter the Town) is the owner of a landfill that has been in operation since the 1950s. Pursuant to a consent order entered into between the Town and the New York State Department of Environmental Conservation (hereinafter the DEC), in December 1990, the landfill was officially closed. The consent order, in essence, mandated that the Town clean up the landfill.

The petitioner is the owner of a parcel of land adjacent to the landfill. It is uncontested that, while the landfill was functioning, a portion of the petitioner's property was subject to its operation. As part of the remediation plan adopted by the Town pursuant to the consent order, the Town was to eliminate "to the maximum extent practicable", all health and environmental

hazards attributable to the landfill. The final remediation plan that the Town is required to implement was selected and approved by the DEC from several plans proposed by the Town, and includes a cleanup of the petitioner's parcel. Pursuant to a resolution issued following a public hearing, the respondent Town determined that a public interest would be served by the acquisition of permanent and a temporary easements over 2.5 acres of the petitioner's parcel. The petitioner commenced this proceeding, *inter alia*, to challenge the determination. We deny the petition.

A review of the record establishes that the proposed acquisition will serve a public purpose, and that the proceeding comported with due process and the procedures set forth in article 2 of the EDPL (*see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 418). We reject the argument that the consent order with the DEC required the Town to acquire a fee interest in the petitioner's property. By its terms, the consent order permitted the Town to "obtain whatever easements, rights-of-way * * * or authorizations [that] are necessary to perform Respondent's obligation under this Order". We additionally reject the argument that the Town improperly designated the on- and off-site remediation of the landfill as a Type II action under the State Environmental Quality Review Act (ECL 8-0101 *et seq.* [hereinafter SEQRA]) (*see,* 6 NYCRR 617.5 [c] [29]; *Matter of Town of Queensbury v City of Glens Falls,* 217 AD2d 789, 790). Further, the Town's issuance of a negative declaration under SEQRA was also proper (*see, Matter of Merson v McNally,* 90 NY2d 742; *Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 396-397).

The petitioner's remaining contentions are without merit. The respondents should be allowed to proceed with the acquisition (*see, Matter of Waldo's, Inc. v Village of Johnson City,* 74 NY2d 718, 720-721; *see also, Matter of Wechsler v New York State Dept. of Envtl. Conservation,* 76 NY2d 923, 926). Miller, J. P., Ritter, Altman and Krausman, JJ., concur.