■ In the Matter of RAPHAEL RIVERSO, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [3 NYS3d 414]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated July 6, 2010, in effect, declining to amend a record of decision dated November 28, 1995, and a determination of the Town of Clarkstown dated July 30, 2010, selecting a remedial action for the Clarkstown Town Landfill inactive hazardous waste disposal site, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Hubert, J.), entered September 25, 2013, which granted the respondents' separate motions pursuant to CPLR 7804 (f) and 3211 to dismiss the petition and, in effect, dismissed the proceeding as time-barred.

Ordered that the order and judgment is reversed, on the law, with costs, the motions are denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the petition.

In 1983, a landfill operated by the respondent Town of Clarkstown was designated a class 2 "inactive hazardous waste disposal site" (ECL 27-1301 [2]). In 1989, the Town and the New York State Department of Environmental Conservation (hereinafter DEC) entered into an order on consent wherein the Town agreed to develop and implement a remedial program, to be approved and supervised by the DEC. After a remedial investigation and a feasability study were conducted on the site, as required by the order on consent, the DEC issued a record of decision (hereinafter ROD) dated November 28, 1995, in which it selected a remedy for the site. Specifically, the DEC selected the remedy of capping the landfill, along with a portion of the petitioner's adjoining property, onto which the landfill had encroached. Although the Town implemented the remediation program on its property, remediation of the petitioner's affected property (hereinafter the subject property) stalled (*see Matter of Riverso v Rockland County Solid Waste Mgt. Auth.*, 96 AD3d 764 [2012]; *see also Matter of Riverso v Town of Clarkstown*, 244 AD2d 494 [1997]).

In 2007, due to the passage of time, it was agreed that the Town would conduct a supplemental remedial investigation of the subject property, pursuant to a provision of the order on consent, allowing the DEC to "require a modification and/or an amplification and expansion of the Remedial Investigation and Report" based upon "data or facts" showing that "further work [was] necessary." To that end, the Town, through its retained

engineer, created a work plan for the supplemental remedial investigation, which was submitted to the DEC for approval. The DEC twice disapproved the work plan, requesting changes. Once the work plan was approved, the Town's engineer conducted an investigation of the subject property, including a "field sampling program consisting of test pits, surface soil samples and soil borings." The Town's engineer then generated an investigation report, setting forth in detail all of its findings.

In addition to assessing the quantity and quality of the remaining waste, the investigation report evaluated remedial alternatives. It concluded that the remedy selected in the ROD, i.e., capping the subject property, remained the proper remedy. The report rejected the viability of the remedy of evacuating the waste, which was preferred by the petitioner.

On July 6, 2010, the DEC, by letter to the Town, approved the investigation report, and, in effect, declined to amend the ROD by selecting a different remedy for the subject property. It further directed the Town to "provide an election as to which of the remedial alternatives it [would] undertake." By letter dated July 30, 2010, the Town informed the DEC that it would cap the subject property.

The petitioner commenced this proceeding pursuant to CPLR article 78 against the DEC and the Town, challenging the determinations made on July 6, 2010, and July 30, 2010. The Town and the DEC separately moved pursuant to CPLR 7804 (f) and 3211 to dismiss the petition, inter alia, as time-barred, asserting that the July 2010 letters did not constitute new determinations and that the petitioner, in effect, challenged the ROD adopted in 1995. The Supreme Court granted the motions and, in effect, dismissed the proceeding as time-barred.

"[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). "An administrative determination becomes 'final and binding' when (1) the administrative agency reached a definitive position on the issue that inflicts actual, concrete injury; and (2) the injury inflicted may not be 'significantly ameliorated by further administrative action or by steps available to the complaining party' " (*Matter of Better World Real Estate Group v New York City Dept. of Fin.*, 122 AD3d 27, 39 [2014], quoting *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]).

In general, a request for discretionary reconsideration does not serve to extend the statute of limitations or render an

otherwise final determination nonfinal (*see Kahn v New York City Dept. of Educ.*, 18 NY3d 457, 462 [2012]; *Matter of De Milio v Borghard*, 55 NY2d 216, 220 [1982]; *Matter of Reilly v Farley*, 120 AD3d 693 [2014]). This is because "[a] motion to reconsider generally seeks the same relief, and advances factual and legal issues that were previously litigated at the administrative level" (*Matter of Yarbough v Franco*, 95 NY2d 342, 347-348 [2000]).

However, where "the agency conducts a fresh and complete examination of the matter based on newly presented evidence," an aggrieved party may seek review in a CPLR article 78 proceeding commenced within four months of the new determination (*Matter of Quantum Health Resources v DeBuono*, 273 AD2d 730, 731-732 [2000]; *see Matter of Delbello v New York City Tr. Auth.*, 151 AD2d 479, 480 [1989]; *King v City of Newburgh*, 84 AD2d 388, 399-400 [1982]; *Matter of Camperlengo v State Liq. Auth.*, 16 AD2d 342, 347 [1962]; *see generally Matter of Silvestri v Hubert*, 106 AD3d 924, 926 [2013]; *Matter of O'Neill v Pfau*, 101 AD3d 731, 734 [2012], *affd* 23 NY3d 993 [2014]).

Here, a different factual presentation was invited (*see Matter of Davis v Kingsbury*, 30 AD2d 944, 945 [1968], *affd* 27 NY2d 567 [1970]) by the DEC, and conducted by the Town. Specifically, at the DEC's direction and after its approval of the details of the supplemental investigation to be performed, the Town's engineers conducted a new investigation of the subject property, more than 10 years after the initial investigation was conducted, which produced new scientific data. A new investigation report was produced, which, in addition to reporting the data obtained, assessed, in light of the new data, the remedial alternatives for the subject property. The DEC then determined, in effect, that it would not amend the ROD to select a different remedy from capping, and the Town, at the DEC's invitation, decided to use that remedy. Such a "fresh and complete examination of the matter based on newly presented evidence" (*Matter of Quantum Health Resources v DeBuono*, 273 AD2d at 731-732) is properly subject to review in a proceeding pursuant to CPLR article 78 that is commenced within four months of the new determinations (*see Matter of Delbello v New York City Tr. Auth.*, 151 AD2d at 480; *King v City of Newburgh*, 84 AD2d at 399-400; *Matter of Camperlengo v State Liq. Auth.*, 16 AD2d at 347; *cf. Matter of Silvestri v Hubert*, 106 AD3d at 926; *O'Neill v Pfau*, 101 AD3d at 734). Thus, the proceeding should not have been dismissed as time-barred.

The Supreme Court further erred in reaching the merits of

the petition as an alternative ground for dismissal. This is not a case in which the "facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result" from the failure to require the DEC to file an answer and the administrative record (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]; *see Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.*, 8 NY3d 1001, 1002 [2007]; *Matter of Shepherd v Maddaloni*, 103 AD3d 901, 906 [2013]).

The respondents' remaining contentions are without merit.

Accordingly, the Supreme Court erred in granting the respondents' motions to dismiss the petition. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.