■ In the Matter of Peter De Filippis, Respondent, v Kristin Proud, as Acting Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance, et al., Appellants. [54 NYS3d 305]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance dated June 18, 2012, which, after a fair hearing, denied, as untimely, his request to review a determination denying him coverage for various dental procedures, Kristin Proud, as Acting Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance, and Nirav R. Shah, M.D., as Commissioner

of the New York State Department of Health, appeal from a judgment of the Supreme Court, Kings County (Velasquez, J.), dated July 30, 2014, which, upon an order of the same court dated January 10, 2014, denying a cross motion to dismiss the proceeding as time-barred, granted the petition, annulled the determination, directed a new fair hearing, and awarded the petitioner injunctive and other relief.

Ordered that the judgment is reversed, on the law, with costs, the cross motion to dismiss the proceeding as time-barred is granted, the order dated January 10, 2014, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

In September 2011, the petitioner, a Medicaid recipient, was denied coverage for various dental procedures. He filed an appeal with his benefits administrator, which denied the appeal on October 14, 2011. On December 8, 2011, the petitioner requested a fair hearing from the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance (hereinafter OTDA) to review the determination denying his claim. A fair hearing was scheduled for February 14, 2012. The petitioner failed to appear at the fair hearing, and requested a rescheduled fair hearing, which was held on May 14, 2012.

By decision after fair hearing dated June 18, 2012, the petitioner was denied relief, on the ground that his request on December 8, 2011, for a fair hearing was untimely because it was made more than 60 days after the denial of his claim in September 2011. That determination additionally included a finding that the request for a rescheduled fair hearing was also untimely. By letter dated October 9, 2012, the petitioner sought to reopen the fair hearing. That request was denied by letter dated November 20, 2012.

In March 2013, the petitioner commenced the instant proceeding pursuant to CPLR article 78, seeking, inter alia, a new hearing and determination. The appellants cross-moved to dismiss the proceeding as time-barred. The Supreme Court denied the cross motion and, in the judgment appealed from, granted the petition, annulled the June 2012 determination, directed a new fair hearing, and awarded the petitioner injunctive and other relief. We reverse.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (see CPLR 217 [1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30 [2005]). A de-

termination becomes final and binding when the agency reaches a definitive position on the issue that inflicts actual, concrete injury, and the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]; *Matter of Riverso v New York State Dept. of Envtl. Conservation*, 125 AD3d 974, 976 [2015]).

Here, the decision after fair hearing dated June 18, 2012, was final and binding upon the petitioner. A request for discretionary reconsideration does not extend the statute of limitations or render an otherwise final determination nonfinal (*see Kahn v New York City Dept. of Educ.*, 18 NY3d 457, 462 [2012]; *Matter of Riverso v New York State Dept. of Envtl. Conservation*, 125 AD3d 974 [2015]). Although there are exceptions to this general rule, those exceptions are not applicable here. The November 2012 denial of the petitioner's request to reopen the fair hearing was not a denial of a motion to vacate a default (*see Matter of Yarbough v Franco*, 95 NY2d 342 [2000]). The petitioner was given an opportunity to explain his failure to appear at the February 2012 fair hearing when he appeared at the rescheduled fair hearing. Further, the determination dated June 18, 2012, was not predicated upon the petitioner's default in appearing at a fair hearing, but, rather, upon his failure to request a fair hearing within 60 days after the denial of his claim in September 2011.

Accordingly, the Supreme Court should have granted the appellants' cross motion to dismiss the proceeding as time-barred. Since the instant proceeding is time-barred, the merits of the proceeding were not properly before the court. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.