Matter of Servedio v Lee (2020 NY Slip Op 06532)





Matter of Servedio v Lee


2020 NY Slip Op 06532


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-02898
 (Index No. 1343/17)

[*1]In the Matter of Christopher Servedio, respondent,
v
Thomas K. Lee, etc., et al., appellants.


Letitia James, Attorney General, New York, NY (Andrew W. Amend and Joshua M. Parker of counsel), for appellants.
Schaeffer Law Group, P.C., Smithtown, NY (Wayne J. Schaefer of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Teachers' Retirement System dated November 14, 2016, which denied reconsideration of the denial of the petitioner's application for disability retirement benefits dated October 31, 2014, Thomas K. Lee, Executive Director and Chief Retirement Officer of the New York State Teachers' Retirement System, and the New York State Teachers' Retirement System appeal from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated January 4, 2019. The judgment granted the petition, annulled the denial of the application for disability retirement benefits, and remitted the matter to the New York State Teachers' Retirement System for the issuance of a new determination granting the application for disability retirement benefits.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In 2013, Christopher Servedio applied to the New York State Teachers' Retirement System (hereinafter the Retirement System) for disability retirement benefits. By letter dated October 31, 2014, the Retirement System denied Servedio's application. In May 2016, Servedio submitted additional medical documentation to the Retirement System and requested reconsideration of the denial of his application. Between May and October 2016, the Retirement System requested additional medical information and two medical examinations by its doctors. Upon consideration of this and other medical evidence, the Retirement System's Medical Board "found no basis to reconsider its recommendation that [Servedio was] not totally and permanently disabled for the performance of all gainful employment." By letter dated November 14, 2016, the Retirement System denied reconsideration of the October 31, 2014 denial of Servedio's application for disability retirement benefits.
By notice of petition and verified petition dated March 11, 2017, Servedio commenced this proceeding pursuant to CPLR article 78 against the Retirement System and Thomas K. Lee, in his capacity as Executive Director and Chief Investment Officer of the Retirement System. Servedio sought a judgment annulling the Retirement System's November 14, 2016 determination [*2]and remitting the matter to Lee and the Retirement System with a directive to approve his application for disability retirement benefits. Lee and the Retirement System made a pre-answer motion to dismiss the petition on the ground that it was barred by the statute of limitations. The Supreme Court denied this motion. After Lee and the Retirement System answered the petition, the court granted the petition, annulled the denial of Servedio's application for disability retirement benefits, and remitted the matter to the Retirement System for the issuance of a new determination granting Servedio's application for disability retirement benefits. Lee and the Retirement System appeal.
"[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217[1]). "An administrative determination becomes final and binding when (1) the administrative agency reached a definitive position on the issue that inflicts actual, concrete injury; and (2) the injury inflicted may not be significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Riverso v New York State Dept. of Envtl. Conservation, 125 AD3d 974, 976 [internal quotation marks omitted]). "In general, a request for discretionary reconsideration does not serve to extend the statute of limitations or render an otherwise final determination nonfinal" (id. at 976-977). "This is because [a] motion to reconsider generally seeks the same relief, and advances factual and legal issues that were previously litigated at the administrative level" (id. at 977 [internal quotation marks omitted]). "However, where the agency conducts a fresh and complete examination of the matter based on newly presented evidence, an aggrieved party may seek review in a CPLR article 78 proceeding commenced within four months of the new determination" (id. [internal quotation marks omitted]).
We agree with the Supreme Court's conclusion that, in denying reconsideration on November 14, 2016, the Retirement System conducted "a fresh and complete examination of the matter based on newly presented evidence" (id. [internal quotation marks omitted]). Between May and October 2016, the Retirement System requested additional information from Servedio's pulmonologist and referred Servedio for two medical examinations by its doctors. The Medical Board then reviewed these reports, as well as a report that another of Servedio's doctors produced during this timeframe, before recommending that the Retirement System not reconsider its original denial. Because the Retirement System's denial of reconsideration was based on this "fresh and complete examination" of new evidence, rather than on factual issues "that were previously litigated," its November 14, 2016 denial constituted a new determination from which Servedio could seek relief in a proceeding pursuant to CPLR article 78 (id. [internal quotation marks omitted]). Accordingly, the instant proceeding, commenced within four months of the November 14, 2016 denial, was timely (see CPLR 217[1]).
A Tier 4 through 6 member of the Retirement System who seeks disability retirement benefits under Retirement and Social Security Law § 605(c) has the burden of establishing, "to the satisfaction of the Retirement Board," that he or she "is totally and permanently disabled" (21 NYCRR 5020.3; see Retirement and Social Security Law § 605[c]). "To be deemed totally disabled, it must be concluded that the member is physically or mentally incapacitated for the performance of gainful employment," which is defined as "physical and/or mental activity which a member is regularly able to engage in as a means of earning a living" (21 NYCRR 5020.3).
Our review of the Retirement System's determination "is limited to whether it is arbitrary, capricious or without a rational basis" (Matter of Schafer v New York State Teachers' Retirement Sys., 175 AD3d 1644, 1646 [internal quotation marks omitted]; see CPLR 7803[3]). "Furthermore, the resolution of a conflict in the medical evidence is solely within the province of the medical board" (Topkin v Board of Educ. of City School Dist. of N.Y., 121 AD2d 531, 531). "The board is privileged to accept the medical reports of its own expert over those of a claimant, and the Teachers' Retirement System does not have to conduct an independent review of the findings of the medical board" (id. at 531 [citation omitted]). "A mere conflict in opinion among physicians is not a ground for disturbing a determination" (id.).
We disagree with the Supreme Court's finding that the Retirement System's determination was irrational and arbitrary and capricious. Both of the doctors who performed the [*3]medical examinations for the Retirement System during the 2016 review of Servedio's case concluded that Servedio was not totally and permanently disabled as defined in 21 NYCRR 5020.3. These doctors opined that, despite Servedio's reduced pulmonary function resulting from diaphragmatic paralysis and asthma, he was capable of gainful employment, particularly "[w]ith better asthma control and use of new inhalers." The Medical Board and Retirement System were entitled to credit these opinions over the conflicting opinions of Servedio's treating physicians (see Topkin v Board of Educ. of City School Dist. of N.Y., 121 AD2d at 531). Therefore, the Retirement System's determination denying reconsideration of its prior denial of Servedio's application for disability retirement benefits was not irrational or arbitrary and capricious (see CPLR 7803[3]; Matter of Schafer v New York State Teachers' Retirement Sys., 175 AD3d at 1646).
Accordingly, we reverse the judgment, deny the petition, and dismiss the proceeding.
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court