OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
CPLR 217 provides that an article 78 proceeding “must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner”. For a determination to be final it must be clear that the petitioner seeking review has been aggrieved by it (Matter of Martin v Ronan, 44 NY2d 374, 380). Petitioner was informed on April 21, 1976 that his services were being terminated for failure to meet the requirements of his 1972 license. Petitioner clearly was aggrieved by this determination and his failure to commence a proceeding within four months requires dismissal of this proceeding. Inasmuch as petitioner’s appointment was based on his 1972 license, respondents’ misstatements and subsequent clarification concerning petitioner’s 1973 license cannot be viewed as relevant to respondents’ decision, in 1976 to rescind petitioner’s 1972 license and terminate his services. In addition, petitioner’s direction of correspondence to respondents, which can be viewed, at most, as a request for reconsideration, does not toll or revive the Statute of Limitations (see Matter of De Milio v Borghard, 55 NY2d 216). Finally, petitioner’s contention that his invocation of a grievance proceeding, which was determined not to be available under the United Federation of Teachers collective bargaining agreement, tolled the Statute of Limitations also is unavailing.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
*977 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.