■ In the Matter of JAMES KNORR, Appellant, v BERT ROSS, as Superintendent of Arthur Kill Correctional Facility, et al., Respondents. [618 NYS2d 66] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services, dated November 22, 1991, which affirmed a decision of a Hearing Officer, made after a hearing, finding the petitioner guilty of certain rule violations, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Felig, J.), dated March 31, 1993, as dismissed the proceeding as untimely.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly concluded that this proceeding is untimely. It is clear from the Department of Correctional Services' letter dated January 28, 1992, that the petitioner's so-called supplemental appeal was considered a request for reconsideration by the Department of Correctional Services (hereinafter the Department). There is no evidence to support the petitioner's contention that the Department conducted a de novo review of the Hearing Officer's determination *(see, Matter of Rapuzzi v City of N. Y., Civ. Serv. Commn.,* 161 AD2d 715; *cf., Matter of Delbello v New York City Tr. Auth.,* 151 AD2d 479, 480). Because an application for reconsideration will not extend or toll the applicable Statute of Limitations *(see, Matter of Lubin v Board of Educ.,* 60 NY2d 974, 976; *Matter of De Milio v Borghard,* 55 NY2d 216, 222), this proceeding should have been commenced within four months of the administrative affirmance, on November 22, 1991, of the Hearing Officer's determination. Thus, it was untimely commenced in May of 1992 *(see,* CPLR 217). Bracken, J. P., Copertino, Joy and Altman, JJ., concur.