concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of MAURICE KRON, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [649 NYS2d 838] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

As the result of an incident in which petitioner threw an unknown liquid substance on another inmate, petitioner was charged with, and ultimately found guilty of, committing an unhygienic act in violation of a prison disciplinary rule. Petitioner challenges this determination on the grounds that the hearing was untimely, that he was denied his right to call a certain witness and that the Hearing Officer was biased. None of these claims has merit and, accordingly, we confirm the determination.

Although the hearing was not concluded within 14 days of the June 12, 1995 misbehavior report, it was adjourned on June 21, 1995 to procure pertinent witness testimony and duly extended three times thereafter due to the unavailability of said witness and the Hearing Officer. Under these circumstances, we find that the hearing was timely (*see, e.g., Matter of Bernacet v Coughlin*, 145 AD2d 802, *lv denied* 74 NY2d 603). Because the only individual that petitioner requested be called as a witness was in fact called and petitioner was given ample opportunity to question him, petitioner's claim that he was denied the right to call this witness is patently without merit. Finally, other than asserting conclusory and unsupported allegations of bias, petitioner has wholly failed to establish that the Hearing Officer was in fact biased and we discern no evidence of same upon our review of the record (*see, Matter of Reynoso v Coombe*, 229 AD2d 732).

Mercure, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of GEORGE ARCE, Appellant, v DONALD SELSKY, as Director of Special Housing Unit, New York State Department of Corrections, Respondent. [650 NYS2d 48] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered October 31, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time barred.

In December 1992, petitioner was an inmate at Ossining Correctional Facility in Westchester County when he was found guilty of violating certain prison disciplinary rules. The determination of petitioner's guilt was affirmed by respondent on February 2, 1993, rendering June 2, 1993 the last date upon which respondent could timely seek CPLR article 78 review of said determination (*see,* CPLR 217). In June 1995, petitioner requested respondent to reconsider his administrative appeal. Respondent conducted a brief and informal review of the file on petitioner's administrative appeal, informing petitioner by letter dated June 29, 1995 that the administrative decision of February 1993 had been deemed appropriate and that further administrative action would not be taken. On July 14, 1995, petitioner commenced this CPLR article 78 proceeding to review respondent's determination of February 2, 1993. Supreme Court dismissed the proceeding as time barred, and petitioner appeals.

A request for reconsideration does not automatically toll or revive the Statute of Limitations (*see, Matter of Lubin v Board of Educ.,* 60 NY2d 974, 976; *Matter of Gross v State of N. Y. Pub. Serv. Commn.,* 195 AD2d 866, 867, *lv denied* 82 NY2d 660). Agency action will be found to renew a lapsed Statute of Limitations only in cases where the agency has held "a new hearing at which new testimony is taken, new evidence is proffered and new matters are considered" (*Matter of Delbello v New York City Tr. Auth.,* 151 AD2d 479, 480; *see, Chase v Board of Educ.,* 188 AD2d 192, 197). In the instant matter, however, the review undertaken by respondent involved its informal review of the file of petitioner's hearing held over two years earlier. There was no new hearing where new evidence was adduced on the merits of petitioner's case and, as such, we conclude that respondent's examination of a file closed years earlier did not revive the Statute of Limitations enabling petitioner to seek CPLR article 78 review. Accordingly, Supreme Court's dismissal of this proceeding as time barred was appropriate.

Crew III, J. P., White, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.