■ In the Matter of BENJAMIN STEPHENS, JR., Appellant, v WAYNE STRACK, as Deputy Commissioner of Correctional Facilities of New York State Department of Correctional Services, Respondent. [671 NYS2d 535] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered December 2, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as untimely.

In August 1995 petitioner, an inmate at Gouveneur Correctional Facility in St. Lawrence County, was removed from his program placement as a kitchen worker. The decision to remove petitioner was affirmed by respondent by letter dated December 4, 1995. Petitioner's second appeal to respondent on December 26, 1995 fared no better; by letter dated January 9, 1996, respondent reiterated that the December 4, 1995 decision "stands as is".

We agree with Supreme Court's ruling that this CPLR article 78 proceeding is untimely. Petitioner failed to commence the proceeding within four months after the determination to be reviewed became final and binding (*see,* CPLR 217), i.e., when it had an impact on petitioner and he was aggrieved thereby (*see, New York City Off Track Betting Corp. v State of New York Racing & Wagering Bd.,* 196 AD2d 15, 18, *lv denied* 84 NY2d 804), which, in our view, occurred upon his receipt of respondent's December 4, 1995 decision. Contrary to petitioner's contention, we find that his December 26, 1995 letter to respondent was nothing more than an application for reconsideration which neither extended nor tolled the limitations period (*see, Matter of Lubin v Board of Educ.,* 60 NY2d 974, 976, *cert denied* 469 US 823; *Matter of Knorr v Ross,* 208 AD2d 841). Similarly, respondent's January 9, 1996 response (which was not a redetermination on the merits nor was it based upon new evidence) did not serve to extend the statutory period (*see generally, Matter of Corbisiero v New York State Tax Commn.,* 82 AD2d 990, 990-991, *affd* 56 NY2d 680).

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.