■ In the Matter of JOHN LYNN, Appellant, v TOWN OF CLARKSTOWN, Defendant, and TOWN OF CLARKSTOWN POLICE COMMISSION et al., Respondents. [745 NYS2d 459] —In a proceeding pursuant to CPLR article 78, inter alia, to (1) review a determination of the respondent Town of Clarkstown Police Commission, dated December 7, 2000, which, among other things, after a hearing, terminated the petitioner's employment as a police officer pursuant to Civil Service Law § 71, and (2) compel the respondent Chief of Police of the Town of Clarkstown Police Department to place the petitioner on leave under General Municipal Law § 207-c retroactive to April 17, 1998, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (O'Rourke, J.), dated June 5, 2001, as granted those branches of the respondents' motion pursuant to CPLR 3211 (a) (5) and (7), and CPLR 7804 (f) which were to dismiss the petition insofar as asserted against the respondents Town of Clarkstown Police Commission and Chief of Police of the Clarkstown Police Department, and dismissed the petition as against those respondents.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner was lawfully terminated from his employment pursuant to Civil Service Law § 71. In substance, he was accorded all of the regulatory and due process rights to which he was entitled (*see Matter of Hurwitz v Perales,* 81 NY2d 182, *cert denied* 510 US 992; *Matter of Prue v Hunt,* 78 NY2d 364).

We agree with the Supreme Court that the petitioner's letter to the Chief of Police of the Town of Clarkstown Police Department (hereinafter the Chief), dated January 29, 2001, requesting General Municipal Law § 207-c benefits was, at most, an application for reconsideration of an administrative determination which served neither to extend nor to toll the statute of limitations (*see Matter of Lubin v Board of Educ. of City of N.Y.,* 60 NY2d 974, *cert denied* 469 US 823; *Matter of De Milio v Borghard,* 55 NY2d 216; *Matter of Gruosso v County of Nassau,* 264 AD2d 396; *Matter of Mazzilli v New York City Fire Dept.,* 224 AD2d 621). Accordingly, the petitioner's challenge to the Chief's March 17, 2000, denial of his request for General Municipal Law § 207-c benefits was untimely (*see* CPLR 217).

The petitioner's remaining contentions are without merit. Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.