■ In the Matter of JOHN M. PRONTI, Appellant, v ALBANY LAW SCHOOL OF UNION UNIVERSITY et al., Respondents. [754 NYS2d 68] —Kane, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered May 2, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In May 2001, petitioner submitted a research paper which constituted his entire grade for one of his spring semester courses at respondent Albany Law School of Union University.* Thereafter, petitioner's instructor, respondent Daniel G. Moriarty, expressed concerns regarding the authorship of the paper and instructed petitioner, via a May 10, 2001 e-mail, to provide him with the research materials used in the preparation of his paper, including drafts and "all of the computer disks on which [he] made notes for or drafts of [the] paper." On the same day, petitioner met with Moriarty, but failed to provide him with any supporting documentation, and immediately sought the assistance of respondent Connie Mayer, the Associate Dean of Student Affairs. Notwithstanding Moriarty's requests of May 10, 11, 16 and June 12, 2001, petitioner failed to submit the information and, on June 20, 2001,

---

* Petitioner graduated from Albany Law School in July 2002.

petitioner instead filed a written complaint of misconduct against Moriarty. By letter dated June 22, 2001, Mayer dismissed the complaint. On June 26, 2001, Moriarty e-mailed petitioner informing him that he had "failed to fulfill the requirements" of the course and consequently awarded petitioner an "F." The grade was recorded by the registrar on June 27, 2001.

On July 24, 2001, Moriarty wrote petitioner stating that he had found no other source for petitioner's paper and so would not refer the matter to the school for disciplinary action. However, he adhered to his position that since petitioner had failed to provide the requested supporting documents, the grade would stand. On July 28, 2001, petitioner again demanded disciplinary sanctions against Moriarty and that his grade be corrected. Petitioner was advised by Mayer that his complaints about Moriarty had already been addressed and that grading issues could only be appealed to the professor who awarded the grade. As a result of petitioner's repeated requests that the issue of his grade be addressed, on October 5, 2001, petitioner and his parents met with Moriarty, Mayer and another Albany Law School student. For the first time since the May 10, 2001 request by Moriarty, petitioner produced documents, in excess of 1,000 pages, but "possibly thousands," and refused to leave the documents for later review, insisting instead that they be reviewed at the meeting, which Moriarty declined to do. On October 23, 2001, petitioner was offered an opportunity to discuss the matter with Moriarty and another faculty member, but was advised that such meeting would be scheduled no later than November 9, 2001. Petitioner declined the offer, claiming that it would be "unreasonable" to prepare for such discussion, based on his past meetings with Moriarty, his health and the demands of his academic schedule.

On March 5, 2002, petitioner commenced this CPLR article 78 proceeding seeking, inter alia, that Albany Law School vacate his failing grade. Respondents successfully moved to dismiss the petition on the ground that petitioner's claims were barred by the statute of limitations. This appeal by petitioner ensued.

Contrary to petitioner's argument, the petition is untimely since it was commenced more than four months after the Albany Law School registrar recorded his final grade on June 27, 2001, at which point it became " 'final and binding upon the petitioner' " (*Matter of Yarbough v Franco*, 95 NY2d 342, 346, quoting CPLR 217 [1]). Respondents' continuing offers to discuss the matter with petitioner neither tolls the statute of

limitations nor renders " 'an otherwise final determination nonfinal' " (*Matter of Quantum Health Resources v DeBuono*, 273 AD2d 730, 731, *lv dismissed* 95 NY2d 927, quoting *Matter of Hunt Bros. Contrs. v Glennon*, 214 AD2d 817, 819). Even if we were to consider, as petitioner urges, the failed meeting of the parties on October 5, 2001 as a new hearing (*see Matter of Arce v Selsky*, 233 AD2d 641, 642), the proceeding commenced on March 5, 2002 is untimely. To the extent that petitioner argues that Albany Law School should be equitably estopped from asserting a statute of limitations defense because it failed to inform him of the finality of the determination with respect to his grade, the record is devoid of any evidence substantiating his claim. To the contrary, on July 24, 2001, petitioner was informed by Moriarty that he did not intend to change his grade. Thus, we find unpersuasive petitioner's argument that it was not until he received the November 16, 2001 letter from Albany Law School advising him that there was no formal procedure for challenging assigned grades other than through the professor who awarded the grade that he realized his grade was final.

The remaining conduct of respondents for which petitioner seeks CPLR article 78 relief occurred prior to November 3, 2001 and is likewise barred by the four-month statute of limitations. In light of our determination, we decline to address petitioner's remaining arguments.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.