■ In the Matter of TAMAR LOPER, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [810 NYS2d 525]—

Peters, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered December 9, 2004 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time-barred.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was found guilty of violating various prison disciplinary rules. On November 5, 2003, petitioner received formal notification that the determination against him had been affirmed upon administrative appeal. Petitioner attempted to challenge the determination by filing a petition on March 3, 2004. Such petition was rejected by the Washington County Clerk and returned to petitioner due to his failure to include the necessary accompanying documents and fee. On March 11, 2004, the County Clerk again received a petition, this time with the inclusion of the appropriate supporting documentation. Accordingly, the County Clerk accepted the petition and forwarded it to Supreme Court for consideration. Respondent's subsequent motion to dismiss the petition on the ground that it was untimely was granted by Supreme Court, prompting this appeal. We now affirm.

The four-month statute of limitations period within which to commence this proceeding was triggered on November 5, 2003,

the date when petitioner received notice of the adverse determination (*see* CPLR 217 [1]; *Matter of Blanche v Selsky*, 13 AD3d 681, 682 [2004], *appeal dismissed and lv denied* 4 NY3d 844 [2005]). Inasmuch as the petition and required supporting papers and fee were not filed until March 11, 2004, after the four-month statutory period had expired, Supreme Court properly dismissed this proceeding as time-barred (*see Matter of Blanche v Selsky*, *supra* at 682). To that end, we note that a proceeding such as this is deemed commenced for statute of limitations purposes on the date on which the clerk of the court actually receives the petition in valid form, and not upon the mere mailing of the same (*see Matter of Grant v Senkowski*, 95 NY2d 605 [2001]). Finally, contrary to petitioner's assertion, because the petition which had been originally submitted on March 3, 2004 did not include the mandated supporting documents and filing fee, it was correctly rejected as deficient (*see* CPLR 304; *Matter of Vetrone v Mackin*, 216 AD2d 839, 841 [1995]).

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.