■ In the Matter of ROBERT K. DRAKE, Appellant, v LAWRENCE G. REUTER, Respondent. [810 NYS2d 916]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority, dated October 2, 2002, denying the petitioner's application for reinstatement to his former position as a train conductor, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), dated January 3, 2005, which, in effect, denied the petition and dismissed the proceeding as time-barred.

Ordered that the judgment is affirmed, with costs.

A CPLR article 78 proceeding must be commenced within four months after the administrative determination to be reviewed becomes "final and binding upon the petitioner" (CPLR 217 [1]; *see Matter of Yarbough v Franco,* 95 NY2d 342 [2000]). An administrative determination is considered "final and binding" for purposes of CPLR 217 when it has an impact upon the petitioner and when the petitioner knows he or she is aggrieved by it (*see Matter of Edmead v McGuire,* 67 NY2d 714 [1986]; *Matter of Stephens v Strack,* 249 AD2d 637 [1998]; *Matter of Clark v Suffolk County Dept. of Civ. Serv.,* 216 AD2d 464 [1995]). Contrary to the petitioner's contention, his claim accrued in October 2002, when the respondent unequivocally denied his request for reinstatement to his former position as a train conductor (*see Matter of Mazzilli v New York City Fire Dept.,* 224 AD2d 621 [1996]). The petitioner's subsequent requests for reconsideration of the October 2002 determination did not extend or toll the statute of limitations (*see Matter of Lubin v Board of Educ. of City of N.Y.,* 60 NY2d 974, *cert denied* 469 US 823 [1984]; *Matter of Dahn v Keane,* 1 AD3d 1038 [2003]; *Matter of Lynn v Town of Clarkstown,* 296 AD2d 411 [2002]; *Matter of Arce v Selsky,* 233 AD2d 641 [1996]; *Matter of Mazzilli v New York City Fire Dept., supra; Matter of Adler v New York State Teachers' Retirement Sys.,* 188 AD2d 732 [1992]). Accordingly, this proceeding, commenced in February 2004, was untimely.

The petitioner's remaining contentions need not be reached in light of our determination. Florio, J.P., Ritter, Krausman and Covello, JJ., concur.