■ In the Matter of RAYMOND JORBEL, Appellant, v LONE THANNING et al., Respondents. [829 NYS2d 582]—

In a proceeding pursuant to CPLR article 78, inter alia, in effect, to set aside a medical examiner's report and determination as to the cause of death of the petitioner's daughter and to amend the death certificate, the petitioner appeals from an or-

der and judgment (one paper) of the Supreme Court, Rockland County (Nelson, J.), dated March 6, 2006, which granted that branch of the respondents' motion which was to dismiss the amended petition as time-barred and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

A proceeding pursuant to CPLR article 78 to review a determination must be commenced within four months after the determination becomes final and binding on the petitioner (*see* CPLR 217 [1]). Here, the respondents filed an amended death certificate with the Village of Nyack on October 18, 2004, after conducting an autopsy and investigation regarding the death of the petitioner's daughter pursuant to New York Public Health Law § 4143 and New York County Law §§ 673 and 674. The respondents determined that the immediate cause of death was "alcohol intoxication, acute and chronic." The petitioner commenced this CPLR article 78 proceeding on February 24, 2005. He challenges the respondents' determination regarding the cause of his daughter's death.

Contrary to the petitioner's contention, the respondents' determination became final and binding on the date the amended death certificate was filed, not on the date the petitioner received a copy of the respondents' report (*cf. Matter of Martin v Ronan,* 44 NY2d 374, 380 [1978]; *Matter of Jones v Amicone,* 27 AD3d 465, 467-469 [2006]). Although the petitioner could have requested a certified copy of the death certificate pursuant to Public Health Law § 4173 (1) and 10 NYCRR 35.4 (b) (2), he did not do so. Instead, he requested a copy of the respondents' file on the decedent which he did not receive until mid November 2004. These actions taken by the petitioner after the filing of the amended death certificate did not toll the statute of limitations or transform the amended death certificate, which was the respondents' final and binding determination as to the decedent's death, into a non-final determination (*see generally Matter of Rapoli v Village of Red Hook,* 29 AD3d 1007, 1008 [2006]; *Matter of Pronti v Albany Law School of Union Univ.,* 301 AD2d 841, 842-843 [2003]).

Since the petitioner commenced the proceeding more than four months after the official filing of the amended death certificate with the Village, the Supreme Court properly concluded that the proceeding was time-barred (*see Matter of Clemens v Matera,* 40 AD2d 914 [1972]).

The petitioner's remaining contentions either are without merit or have been rendered academic by this determination. Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.