■ In the Matter of HERMAN SPENCER, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [909 NYS2d 687]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 13, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner was found guilty of violating certain prison disciplinary rules in April 1994, and the disciplinary determination was affirmed on administrative appeal in June 1994. In August 2006 and again in June 2009, petitioner wrote the Director of Special Housing and Inmate Disciplinary Programs requesting that the disciplinary determination be reversed and that all references thereto be expunged from his institutional record. These requests were denied. In August 2009, petitioner

commenced this CPLR article 78 proceeding challenging the 1994 disciplinary determination. Respondent moved to dismiss the proceeding as barred by the statute of limitations. Supreme Court granted the motion and this appeal ensued.

We affirm. The four-month limitations period within which to commence a proceeding of this nature began to run when petitioner received notice of the adverse disciplinary determination (*see* CPLR 217 [1]; *Matter of Loper v Selsky*, 26 AD3d 653, 653-654 [2006]; *Matter of Verges v Sabourin*, 298 AD2d 802 [2002], *appeal dismissed and lv denied* 99 NY2d 646 [2003]). The record discloses that the final determination rendered on administrative appeal was issued on June 20, 1994, and petitioner does not dispute receiving it at this time. Even if there was any question regarding the actual date of receipt, petitioner obviously received the determination by the time he sent his August 4, 2006 letter to the Director requesting reversal of the determination. Inasmuch as this CPLR article 78 proceeding was not commenced until August 2009, it is untimely regardless of which date is used. Contrary to petitioner's claims, neither a change in the law nor his requests for reconsideration tolled the statute of limitations (*see Matter of De Grijze v Goord*, 260 AD2d 836 [1999]; *Matter of Knorr v Ross*, 208 AD2d 841 [1994]). Therefore, Supreme Court properly granted respondent's motion.

Peters, J.P., Spain, Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.