In the Matter of JAMES CAPPELLINO et al., Appellants, v TOWN OF SOMERS et al., Respondents. [920 NYS2d 711]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Somers and the Town of Somers Police Department denying the petitioners' request for reimbursement of certain health care costs and, in effect, in the nature of mandamus, to compel the Town of Somers and the Town of Somers Police Department to reimburse the petitioners for those costs, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Capeci, J.), entered March 11, 2010, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly, in effect, denied the petition and dismissed the proceeding as time-barred. The petition stated that the petitioners received correspondence on June 18, 2009, denying their request for reimbursement of the cost of their Medicare Part B benefits. Contrary to the petitioners' contentions, said correspondence was a final and binding determination within the meaning of CPLR 217 (1), as it unequivocally denied the petitioners' request for reimbursement, and it therefore commenced the running of the statute of limitations (*see Matter of Drake v Reuter*, 27 AD3d 736 [2006]). The petitioners did not commence this proceeding, however, until October 22, 2009, which was beyond the applicable four-month statute of limitations of CPLR 217 (1). The petitioners' alleged communications with the respondents' counsel after June 18, 2009, including any alleged requests for further administrative review, did not extend or toll the statute of limitations (*see Gertler v Goodgold*, 66 NY2d 946, 948 [1985]; *Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976 [1983], cert denied 469 US 823 [1984]; *Matter of Surton Constr. Contr. Corp. v New York City School Constr. Auth.*, 81 AD3d 654 [2011]; *Matter of Drake v Reuter*, 27 AD3d at 737).

The petitioners' remaining contentions are either improperly raised for the first time on appeal or without merit. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.