■ In the Matter of Israel Hurwitz et al., Respondents, v New York City Housing Authority, Appellant. [939 NYS2d 127]—

In July 2007 the petitioners received a housing voucher from the New York City Housing Authority (hereinafter NYCHA) pursuant to Section 8 of the United States Housing Act of 1937 (42 USC § 1437f [b] [1]). This voucher, which would have entitled the petitioners to a rent subsidy upon the approval of a qualifying lease "rental package," had an expiration date of January 16, 2008. Thereafter, the petitioners were granted six extensions of their voucher period, but nonetheless failed to submit a proposed "rental package" to NYCHA within the extension period. By letter dated May 1, 2009, NYCHA informed

petitioners that "on May 1, 2009, your section 8 housing voucher expired without rental; we have therefore cancelled the voucher and your application has been removed from our active file." The petitioners thereafter requested another extension of the period within which they could use their voucher. However, by letter dated June 22, 2009, NYCHA denied this request, and the petitioners were again informed that their case file was closed. The petitioners then requested that their voucher be reactivated. This request was also denied. On January 15, 2010, the petitioners commenced this CPLR article 78 proceeding, seeking to review NYCHA's determination terminating the benefits secured by the voucher. NYCHA submitted an answer in which it interposed, inter alia, the affirmative defense of the statute of limitations. The Supreme Court granted the petition and concluded that NYCHA acted "in an arbitrary and capricious manner." NYCHA appeals, and we reverse.

The determination dated May 1, 2009, which cancelled the petitioners' voucher, was a final and binding determination that "inflicted actual, concrete injury on [the petitioners]" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). Pursuant to CPLR 217 (1), the petitioners had four months after such determination to commence a CPLR article 78 proceeding seeking review of that determination. However, the petitioners did not commence this proceeding until January 15, 2010, or more than eight months later. Therefore, the proceeding was time-barred. Contrary to the petitioners' contention, their requests for extension and/or reinstatement of the voucher made after May 2009 did not serve to toll or otherwise extend the four-month statute of limitations (*see Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976 [1983], *cert denied* 469 US 823 [1984]; *Matter of Lynn v Town of Clarkstown*, 296 AD2d 411 [2002]). The petitioners also failed to demonstrate that NYCHA was estopped from raising the affirmative defense of the statute of limitations (*see Mayayev v Metropolitan Transp. Auth. Bus*, 74 AD3d 910 [2010]). Accordingly, the petition should have been denied as time-barred, and the proceeding dismissed.

In light of our conclusion, it is unnecessary to reach NYCHA's remaining contention. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.