■ In the Matter of JEFF DURHAM et al., Appellants, v ELIZABETH R. BERLIN, as Executive Deputy Commissioner of the Of-

fice of Temporary and Disability Assistance of the New York State Department of Family Assistance, Respondent. [7 NYS3d 333]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance, effective February 1, 2009, adjusting the standard utility allowances that are used in the calculation of the excess shelter expense deduction that is used in calculating a household's income for purposes of the Supplemental Nutrition Assistance Program, and action, inter alia, pursuant to 42 USC § 1983 to recover damages for the deprivation of rights secured by federal law, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Iannacci, J.), entered June 3, 2013, which granted those branches of the motion of the respondent/defendant which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the petition/complaint, and dismissed the hybrid proceeding and action.

Ordered that the order and judgment is affirmed, with costs.

In a determination effective February 1, 2009, the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance (hereinafter the OTDA) adjusted the standard utility allowances that are used in the calculation of the excess shelter expense deduction that is used in calculating a household's income for purposes of the Supplemental Nutrition Assistance Program (*see* 7 USC § 2014 [e] [6] [C]; 18 NYCRR 387.12 [f] [3] [v]). In January 2013, the petitioners/plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 to review the OTDA's determination, and action, inter alia, pursuant to 42 USC § 1983 to recover damages for the deprivation of rights secured by federal law.

The Supreme Court properly granted that branch of the respondent/defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first three causes of action as barred by the applicable four-month statute of limitations (*see* CPLR 217 [1]; *Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]; *Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976 [1983]). The Supreme Court also properly granted that branch of the respondent/defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action, which sought to recover damages pursuant to 42 USC § 1983 for the deprivation of rights secured

by federal law. The petition/complaint failed to allege that the OTDA's action in adjusting the standard utility allowances violated any federal right (*see Rancho Palos Verdes v Abrams*, 544 US 113, 119-120 [2005]; *Gonzaga Univ. v Doe*, 536 US 273, 282-283 [2002]). Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.