*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                    522073
_____

In the Matter of GLENN
    BOOKMAN,
                        Appellant,

        v
                                            MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,

                        Respondent.
_____


Calendar Date:  June 6, 2016

Before:  McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

                        _____


        Glenn Bookman, Attica, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____


        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered August 24, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review two determinations of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, an inmate, was charged in a misbehavior report
with violent conduct and committing an unhygienic act after he
threw certain items out of his cell at a correction officer.
Following a tier III disciplinary hearing, he was found guilty as
charged and that determination was affirmed on administrative
appeal on September 17, 2014.  The same day, petitioner was
observed banging in his cell, he had broken a light fixture and

he threatened to kill a correction officer.  He was accordingly charged in a second misbehavior report with destruction of state property, making threats and creating a disturbance.  Following a tier III disciplinary hearing, he was found guilty of the charges and that determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging both determinations, and Supreme Court dismissed the petition. Petitioner appeals.

We affirm.  Supreme Court correctly determined that petitioner's challenges to the determination resolving the first misbehavior report, which was provided to petitioner on September 30, 2014, was untimely.  "The four-month limitations period within which to commence a proceeding of this nature began to run when petitioner received notice of the adverse disciplinary determination" (Matter of Spencer v New York State Dept. of Correctional Servs., 78 AD3d 1342, 1343 [2010]; see CPLR 217 [1]).  The record lacks any support for petitioner's claim that he requested an extension of time and he did not commence this CPLR article 78 proceeding until February 13, 2015, rendering the proceeding untimely as to the first determination (see Matter of Harvey v Bradt, 91 AD3d 1222, 1222 [2012]).

With regard to petitioner's challenge to the second determination, the petition fails to raise any specific allegation challenging that determination.  To the extent that the petition relied upon petitioner's attached administrative appeal form letter in that matter, that letter cannot be relied upon because it is neither sworn nor notarized (see Matter of Garraway v Fischer, 106 AD3d 1301, 1301 [2013], lv denied 21 NY3d 864 [2013]).  Inasmuch as the petition makes only generalized and conclusory allegations with regard to the second determination, Supreme Court properly dismissed that part of the petition as failing to state a cause of action (see Matter of Barnes v Fischer, 135 AD3d 1249, 1249-1250 [2016]; Matter of Pettus v New York State Dept. of Correctional Servs., 77 AD3d 996, 996 [2010]; Matter of Berrian v Carpenter, 19 AD3d 769, 770 [2005]).

McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court