Appeal from a judgment of the Supreme Court (Young, J.), entered August 30, 2016 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent’s motion to dismiss the petition.
 

 Petitioner was charged with using alcohol or an intoxicant in two separate misbehavior reports. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. On June 16, 2015, the determination was upheld upon administrative review with a modified penalty, and petitioner received notice of that determination on or about that day. In February 2016, petitioner sought reconsideration of the administrative determination, and his request was denied on March 18, 2016. Petitioner then filed a request for poor person relief on May 9, 2016, and, on May 31, 2016, Supreme Court signed his proposed order to show cause, which was filed on June 1, 2016.
 
 *
 
 Following receipt of petitioner’s verified petition, respondent moved to dismiss the proceeding as barred by the statute of limitations. Supreme Court granted the motion, and petitioner now appeals.
 

 We affirm. Inasmuch as petitioner did not commence the instant CPLR article 78 proceeding within four months of receiving the June 2015 administrative determination as required, Supreme Court properly dismissed this proceeding as time-barred by the statute of limitations (see CPLR 217 [1]; Matter of Bookman v Annucci, 141 AD3d 1060, 1061 [2016], lv denied 28 NY3d 906 [2016]; Matter of Shields v Prack, 131 AD3d 748, 748 [2015]; Matter of Cunningham v Fischer, 57 AD3d 1142 [2008]; Matter of Loper v Selsky, 26 AD3d 653, 653-654 [2006]). Further, contrary to his contention, petitioner’s request for reconsideration did not toll or revive the statute of limitations (see Matter of Savinon v Bezio, 79 AD3d 1519, 1519 [2010]; Matter of De Grijze v Goord, 260 AD2d 836, 836 [1999]; Matter of Arce v Selsky, 233 AD2d 641, 642 [1996]). Accordingly, the merits of petitioner’s claims are not before us.
 

 McCarthy, J.P., Lynch, Clark, Rumsey and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.
 

 *
 

 The filing, by itself, of an application pursuant to CPLR 1101 is insufficient to commence a proceeding (see Matter of Cunningham v Fischer, 57 AD3d 1142, 1142 n [2008]; see generally Matter of Grant v Senkowski, 95 NY2d 605, 608-610 [2001]; Resch v Briggs, 51 AD3d 1194, 1196 [2008]).