Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 21, 2016 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondent’s motion to dismiss the petition.
 

 Petitioner, a prison inmate, filed a grievance seeking, among other things, to require the Department of Corrections and Community Supervision to use longer lasting batteries in the video cameras used in its facilities and during the escort and transport of inmates. The Central Office Review Committee ultimately denied the grievance on July 22, 2015—noting, among other things, that petitioner was not under an order to be videotaped while he was being escorted and that he had not presented any compelling reason for changing the type of batteries used by the facility’s hand-held video cameras. Petitioner received a copy of that determination on August 31, 2015 and, on January 14, 2016, commenced the instant proceeding seeking, among other things, to challenge the denial of his griev-an.ce. Respondent moved to dismiss the proceeding as time-barred, and petitioner did not file any papers in opposition thereto. Supreme Court granted respondent’s motion, and this appeal ensued.
 

 We affirm. The four-month statute of limitations period within which to commence this proceeding began to run on August 31, 2015—the date upon which petitioner received notice that his grievance had been denied (see CPLR 217 [1]; Matter of Watson v Goord, 39 AD3d 1044, 1044 [2007]; cf. Matter of Rodriguez v Director of Special Hous. & Inmate Disciplinary Programs, 71 AD3d 1346, 1347 [2010], lv denied 15 NY3d 702 [2010], cert denied 562 US 940 [2010]; Matter of Allen v Goord, 4 AD3d 635, 636 [2004]). Inasmuch as the petition was not filed until January 14, 2016, Supreme Court properly dismissed the proceeding as time-barred (see Matter of Detorres v Goord, 40 AD3d 1306, 1307 [2007]; Matter of Loper v Selsky, 26 AD3d 653, 653-654 [2006]). To the extent that the record reflects that petitioner continued to file grievances relative to the facility’s security policies or use of video cameras and sought the production of various documents under the Freedom of Information Law (see Public Officers Law art 6), his efforts in this regard “did not toll the statute of limitations period or constitute a further administrative step in the grievance process” (Matter of Detorres v Goord, 40 AD3d at 1307).
 

 Peters, P.J., Garry, Lynch, Clark and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.