Matter of Ennis v Annucci (2018 NY Slip Op 02856)





Matter of Ennis v Annucci


2018 NY Slip Op 02856


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525364

[*1]In the Matter of JOHN ENNIS, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


John Ennis, Dannemora, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Fisher, J.), entered April 25, 2017 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner was found guilty of violating certain prison disciplinary rules. On July 20, 2016, petitioner was notified that the determination was affirmed upon administrative appeal. Petitioner attempted to challenge the determination by filing the petition and related documentation on November 13, 2016. The Ulster County Clerk twice rejected the petition and notified petitioner of the multiple deficiencies in the submitted papers. Ultimately, petitioner's papers were accepted for filing on January 3, 2017. Thereafter, respondent moved to dismiss the petition on the basis that it was untimely. Supreme Court
granted the motion and dismissed the petition. Petitioner appeals.
We affirm. The four-month statute of limitations period in which to commence this proceeding began to run upon petitioner's notification of the adverse determination on July 20, 2016 (see CPLR 217 [1]). To that end, "a proceeding such as this is deemed commenced for statute of limitations purposes on the date on which the clerk of the court actually receives the petition in valid form" (Matter of Loper v Selsky, 26 AD3d 653, 654 [2006]; see Matter of Payne v Prack, 117 AD3d 1251, 1251 [2014]). Because the record establishes that petitioner did not submit the petition and related documentation in proper form until after the four-month statutory period had expired, Supreme Court properly dismissed the petition as untimely (see Matter of Payne v Prack, 117 AD3d at 1251; Matter of Loper v Selsky, 26 AD3d at 654). Contrary to [*2]petitioner's contention, the deficiencies in the initial papers submitted — which included unsigned, undated and non-original documents — are not subject to correction pursuant to CPLR 2001 so as to render the proceeding timely inasmuch as "[t]he failure to file the papers required to commence [a proceeding] constitutes a nonwaivable, jurisdictional defect" (Maddux v Schur, 139 AD3d 1281, 1281 [2016]; see Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011]). Accordingly, the merits of the disciplinary determination are not properly before us.
Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.