Matter of Commodore Constr. Corp. v Contract Dispute Resolution Bd. of the City of N.Y. (2018 NY Slip Op 03607)





Matter of Commodore Constr. Corp. v Contract Dispute Resolution Bd. of the City of N.Y.


2018 NY Slip Op 03607


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


653859/16 6618 651969/15 6617

[*1]In re Commodore Construction Corp., Petitioner-Appellant,
v
The Contract Dispute Resolution Board of the City of New York, et al., Respondents-Respondents.
Commodore Construction Corp., Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent. [And Third-Party Actions]


Cohen Seglias Pallas Greenhall & Furman, P.C., New York (Carol A. Sigmond of counsel), for appellant.
Tynia Richard, New York, for Contract Dispute Resolution Board of the City of New York, respondent.
Zachary W. Carter, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for the City of New York Department of Parks and Recreation and the City of New York, respondents.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered November 10, 2016, denying Commodore Construction Corp.'s petition to annul a determination of respondent Contract Dispute Resolution Board (CDRB), dated March 22, 2016, which granted respondent Department of Parks and Recreation's (DPR) motion to dismiss certain claims as time-barred, and dismissing the proceeding brought pursuant to CPLR article 78, and order, same court and Justice, entered April 20, 2017, which denied Commodore's motion for leave to amend the complaint in the plenary action, unanimously affirmed, without costs.
In the article 78 proceeding, the court correctly found that CDRB's determination that Commodore's claims are time-barred had a rational basis (see generally Matter of Beck-Nichols v Bianco, 20 NY3d 540, 559 [2013]). The contract governing the construction project required Commodore to file a notice of dispute within 30 days after nonparty Hill International, Inc. issued a determination related to any of the contractually enumerated subjects, such as additional work, so long as the determination met certain requirements, including being clearly stated in writing. CDRB rationally found that Hill's determinations satisfied those requirements. However, Commodore failed to file notices of dispute within 30 days after receiving the determinations. Any subsequent course of conduct by the parties did not toll the contractual limitations period (see e.g. Gertler v Goodgold, 66 NY2d 946 [1985], citing Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974 [1983], cert denied 469 US 823 [1984]; Matter of Pronti v Albany Law School of Union Univ., 301 AD2d 841 [3d Dept 2003], lv denied 100 NY2d 509 [2003]; Matter of Cauldwest Realty Corp. v City of New York, 160 AD2d 489, 491 [1st Dept 1990]).
The court properly denied Commodore's motion for leave to amend the complaint to assert claims similar to those that had already been rejected in the article 78 proceeding (see Sanders v Grenadier Realty, Inc., 102 AD3d 460 [1st Dept 2013]). Moreover, the motion is an improper attempt to evade the contractual requirement that such claims be raised through the contract dispute process (see Acme Supply Co., Ltd. v City of New York, 39 AD3d 331 [1st Dept 2007], lv denied 12 NY3d 701 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK