Matter of West v Polizzi (2018 NY Slip Op 07399)





Matter of West v Polizzi


2018 NY Slip Op 07399


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018


[*1]In the Matter of PERCY D. WEST, Appellant,
v
ANTHONY POLIZZI, as Hearing Officer, et al., Respondents.

Calendar Date: September 18, 2018

Before: Garry, P.J., Lynch, Clark, Mulvey and Aarons, JJ.


Percy D. West, Wallkill, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Melkonian, J.), entered February 28, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner was found guilty of violating certain prison disciplinary rules and he was notified on June 2, 2017 that the determination had been affirmed on administrative appeal. He attempted to challenge the determination by filing a petition and related documentation on October 2, 2017. The Albany County Clerk rejected the petition because certain of the submitted papers referenced Chemung County as the county of jurisdiction and returned the petition and related papers to petitioner. Petitioner corrected the errors and his papers were accepted for filing by the Albany County Clerk on October 23, 2017. Respondents subsequently moved to dismiss the petition as untimely. Supreme Court granted the motion and dismissed the petition. Petitioner now appeals.
We affirm. The four-month statute of limitations period in which to commence this proceeding was triggered on June 2, 2017, the date petitioner received notice of the final determination (see CPLR 217 [1]). "[A] proceeding such as this is deemed commenced for statute of limitations purposes on the date on which the clerk of the court actually receives the petition in valid form" (Matter of Loper v Selsky, 26 AD3d 653, 654 [2006]; accord Matter of Ennis v Annucci, 160 AD3d 1321, 1322 [2018]; Matter of Payne v Prack, 117 AD3d 1251, 1251 [2014]). Inasmuch as the record establishes that petitioner did not submit the petition and related documentation in valid form prior to the expiration of the four-month statutory period, Supreme Court properly dismissed the petition (see Matter of Ennis v Annucci, 160 AD3d at 1322; Matter of Payne v Prack, 117 AD3d at 1251). Moreover, the deficiencies in the initial papers submitted "are not subject to correction pursuant to CPLR 2001 so as to render the proceeding timely inasmuch as the failure to file the papers required to commence a proceeding constitutes a nonwaivable, jurisdictional defect" (Matter of Ennis v Annucci, 160 AD3d at 1322 [internal [*2]quotation marks, brackets and citation omitted]; see Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011]). Petitioner's remaining claims have been considered and found to be without merit.
Garry, P.J., Lynch, Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.