Matter of Thorne v LaClair (2018 NY Slip Op 07501)





Matter of Thorne v LaClair


2018 NY Slip Op 07501


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018

525822

[*1]In the Matter of FLOYD THORNE, Appellant,
v
DARWIN LaCLAIR, as Superintendent of Franklin Correctional Facility, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Floyd Thorne, Johnstown, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Owen Demuth of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 26, 2017 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner was charged in a misbehavior report with refusing a direct order, making threats, interfering with an employee, creating a disturbance and refusing a search or frisk. Following a tier III prison disciplinary hearing, petitioner was found guilty of the charges. On August 24, 2016, that determination was upheld upon administrative review. Thereafter, petitioner submitted several requests pursuant to the Freedom of Information Law (see Public Officers Law art 6) seeking to obtain documentary information that he viewed as relevant to challenging the determination of guilt. In December 2016, petitioner sought reconsideration of the administrative determination, and his request was denied on January 11, 2017. On May 9, 2017, petitioner commenced this CPLR article 78 proceeding challenging the determination, and respondent moved to dismiss the petition as barred by the statute of limitations. Supreme Court granted that motion, and petitioner now appeals.
We affirm. Inasmuch as petitioner did not commence this CPLR article 78 proceeding within four months of receiving the August 2016 administrative determination as required, Supreme Court properly granted respondent's motion to dismiss this proceeding as time-barred (see CPLR 217 [1]; Matter of Mercado v Rodriguez, 153 AD3d 1534, 1534 [2017]; Matter of Bookman v Annucci, 141 AD3d 1060, 1061 [2016], lv denied 28 NY3d 906 [2016]). Moreover, contrary to his contention, the statute of limitations period was not tolled or revived by either petitioner's request for reconsideration (see Matter of Savinon v Bezio, 79 AD3d 1519, 1519 [2010]; Matter of De Grijze v Goord, 260 AD2d 836, 836 [1999]) or his Freedom of Information Law requests (see Matter of Reeder v Annucci, 155 AD3d 1142, 1143 [2017]).
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.