Matter of Meserole v County of Erie (2023 NY Slip Op 02438)

Matter of Meserole v County of Erie

2023 NY Slip Op 02438

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

375 CA 22-01379

[*1]IN THE MATTER OF LESLIE BRILL MESEROLE AND THE ESTATE OF AMANDA LYNN WIENCKOWSKI, PETITIONERS-APPELLANTS,
v
COUNTY OF ERIE AND CHIEF MEDICAL EXAMINER TARA J. MAHAR, M.D., RESPONDENTS-RESPONDENTS. 

JOHN RAY & ASSOCIATES, MILLER PLACE (JOHN RAY OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
JEREMY C. TOTH, COUNTY ATTORNEY, BUFFALO, FOR RESPONDENTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 10, 2022 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents to dismiss and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 78 proceeding, petitioners appeal from a judgment granting respondents' motion to dismiss the petition as barred by the statute of limitations. We affirm.
"Mandamus to compel under CPLR 7803 (1)—the . . . relief sought by petitioner[s]—is 'an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought' " (Matter of Cameron Transp. Corp. v New York State Dept. of Health, 197 AD3d 884, 885 [4th Dept 2021]). Even assuming, arguendo, that "[m]andamus to compel lies" here (id.), we conclude that Supreme Court properly granted respondents' motion to dismiss the petition on statute of limitations grounds inasmuch as this proceeding was not commenced until years after the relevant determination became final and binding in February 2009, i.e., well beyond the applicable four-month statute of limitations (see CPLR 217 [1]; Matter of Jorbel v Thanning, 36 AD3d 913, 914 [2d Dept 2007]; Matter of Clemens v Matera, 40 AD2d 914, 915 [3d Dept 1972]). 
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court